CALEB TOMPKINS, plaintiff in error, *vs.* LEWIS TUMLIN *et al.*, defendants in error.

A defendant in execution, though he may have equities which would entitle him to file a bill for the purpose of setting aside the judgment on which the execution issued, has no right, unless he shows special reasons therefor, to enjoin the levy and sale, under the execution, of property which he alleges in his bill belongs to and is in the possession of another person. Such owner of the property may assert his own rights in the premises in such a way as the law provides, and the defendant's right can be determined on the final trial of his bill.

Injunction. Judgment. Execution. Levy and sale. Before Judge McCUTCHEN. Bartow County. At Chambers. August 15th, 1873.

Caleb Tompkins filed his bill against Lewis Tumlin and James Kennedy, sheriff of Bartow county, making, substantially, the following case:

The defendant, Lewis Tumlin, is seeking to enforce an execution against the complainant for the sum of $100 00 principal, and $69 00 interest, issued by James Milner, Notary Public and *ex officio* Justice of the Peace, on January 31st,

Tompkins *vs.* Tumlin *et al.*

1872. On February 2d, 1872, one A. B. Harrison, a constable, did levy said execution on one acre of land, more or less, being a part of lot of land number four hundred and eighty-one, in the fourth district of the third section of Bartow county, and being a part of the premises now owned and occupied by Emily B. Baker, as the property of complainant. Said constable has turned over said execution and levy to James Kennedy, sheriff of said county, who has advertised said lots to be sold on the first Tuesday in August, 1873.

The bill then proceeds to state that the execution is based on no valid judgment, and to elaborate the reasons for this assertion. It prays that the defendants be enjoined from proceeding with said levy until the further order of the Court; that the defendant, Tumlin, be required to show that said execution is based upon a valid judgment before he be allowed to proceed with its collection; that the writ of subpœna may issue.

The Chancellor refused the injunction, and complainant excepted.

M. R. STANSELL ; J. L. MOORE, for plaintiff in error.

R. H. MURPHY, by PEEPLES & HOWELL, for defendants.

TRIPPE, Judge.

The complainant, in his bill, alleges that the property levied on belongs to, and is in the possession of, a third person. If that be true, there is no necessity for his filing this bill to enjoin the proceedings under the levy. He shows no special reasons therefor. That third person is not a party to the bill, nor is asking any relief. The law affords him ample remedy for his own protection, when he seeks to assert his legal or equitable rights. There can, therefore, be no reason to grant the complainant an injunction, when, so far as appears, no damage is threatened him. His bill may go to a hearing without the injunction he asks, and if he has equities

against the judgment they can be secured on that hearing. There was no error in the refusal of the Court to grant the injunction.

Judgment affirmed.